SCANNED at WVCF and Emailed on
2-22-23 by *(initials)* - 25 pages.
(date)  (initials)  (num)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

Anthony Martin, )
Plaintiff, )
)
vs. )
)
Thomas Wellington, et. Al )  Case No.: 2:23-cv-00083-JRS-MJD
Defendant, )  (TO BE SUPPLIED BY THE CLERK)
)
(Enter above the full name of the )
Defendant(s) in this action.) )
)
)
)
)

**FILED**
02/22/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

# COMPLAINT

## I. PARTIES

The names and addresses of each plaintiff and defendant are as follows:

A. Plaintiff:

   Name: Anthony Martin
   Identification Number: 945288
   Address: P.O. Box 1111
   Carlisle, In. 47838

B. Defendant(s)

(1) Name: Thomas Wellington
   Title: Grievance Manager
   Address: 6908 South Old U.S. Hwy 41
   Carlisle, In. 47838

(2) Name: Ass. Warden Gilmore
   Title: Ass. Warden
   Address: 6908 South Old U.S. Hwy 41
   Carlisle, In. 47838

BK3

(1)

(3) OII Carpenter
Internal Affairs
6908 South Old U.S. HWY 41
Carlisle, In. 47838

(4) Frank Vanihel
Warden
6908 South Old U.S. HWY 41
Carlisle, In. 47838

(5) Major Russell
"Major"
6908 South Old U.S. HWY 41
Carlisle, In. 47838

(6) Christopher Holcomb
Lt.
6908 South Old U.S. HWY 41
Carlisle, In. 47838

(7) Tamri Templeton
Grievance Specialist
6908 South Old U.S. HWY 41
Carlisle, In. 47838

(2)

(8) Jeely Snyder
    Unit team manager
    6908 South Old U.S. HWY 41
    Carlisle, In. 47838

(9) Ashlynn Ledford-Toothsice
    Case manager
    6908 South Old U.S. HWY 41
    Carlisle, In. 47838

(10) Mark Smith, SR.
    Sergeant
    6908 South Old U.S. HWY 41
    Carlisle, In. 47838

(11) Sgt. Deada
    Sergeant
    6908 South Old U.S. HWY 41
    Carlisle, In. 47838

(12) Property officer Tilstrap
    Correctional officer
    6908 South Old U.S. HWY 41
    Carlisle, In. 47838

(3)

(13) Adam Jackson
Correctional Officer
6908 South Old U.S. Hwy 41
Carlisle, In. 47838

(14) c/o Brewer
Correctional Officer
6908 South Old U.S. Hwy 41
Carlisle, In. 47838

(15) Mark Smith, Jr.
Correctional Officer
6908 South Old U.S. Hwy 41
Carlisle, In. 47838

(16) c/o Donovan
Correctional Officer
6908 South Old U.S. Hwy 41
Carlisle, In. 47838

Name ~~_____~~
Title ~~_____~~
Address ~~_____~~
_____

(Identify additional plaintiffs and defendants on a separate sheet of paper using this same outline)

## II.   STATEMENT OF JURISDICTION AND PREVIOUS LAWSUITS:

Jurisdiction over this action exists in the United States District Court for the Southern District of Indiana because This is A civil Action Authorized by 42 U.S.C section 1983, to Redress the deprivation under color of state law, of Rights secured by the Constitutions of the United states. This court has jurisdiction under 28 U.S.C. Section 1331 And 1343. This court Also have supplemental jurisdiction pursuant to 28 U.S.C § 1367, the venue is Appropriate under 28 U.S.C § 1391(b)(2)

If the same facts alleged or claims made in this suit have been previously presented to any other state or federal court in an earlier suit, for each such earlier suit identify the parties, the Court in which it was filed, the docket number assigned to the suit, the status of such earlier suit, (for example: pending, dismissed, set for trial, on appeal, etc.). and the nature of the disposition if the earlier case is closed.

No

_____
_____
_____
_____
_____

## IV.   CAUSE OF ACTION

State which of your constitutional or federal rights, privileges or immunities have been violated and summarize in one or two sentences <u>what the defendant(s) did to violate your rights in that regard.</u>  If you are claiming that more than one of your constitutional rights were violated, use a separate paragraph (ground) for each right, privilege or immunity which was violated. If you have more than three (3) grounds, identify them in a separate attached piece of paper.

BK3

(5)

Ground 1: 8th Amendment of U.S. Constitution
Cruel and unusual punishment; Deliberate Indifference
Inhumane conditions

Ground 2: 14th Amendment of U.S. Constitution
Denial of equal protection of the laws, Due process violations
1st Amendment of U.S. Constitution.
Retaliation / Arbitrary actions

Ground 3: PREA / Sexual Assault
4th Amendment of U.S. Constitution
Improper / Illegal strip search
Federal Tort Claim

(Identify additional grounds on a separate sheet of paper)

## V. STATEMENT OF FACTS

State here the FACTS of your case. You should outline both the facts on which your suit is based and the particular role of each defendant in those circumstances.

BK3

Ground 4: Assault / state law battery

Ground 5: state law Voyeurism
   Indiana code 35-45-4-5

Ground 6: Monell claims (unconstitutional policies / procedures)

Ground 7: Emotional Distress / pain suffering / Intentional Distress

## * Statement of Facts *

(1) On or about February 23, 2021 plaintiff was an inmate at the Wabash Valley Correctional Facility, and was scheduled for video court that day. Sgt Deada, c/o Brewer, and c/o Jackson came to plaintiff cell and informed him that he had court and to get ready.

(2) plaintiff was housed on B-East 300 range, cell #312 at the time of this incident, which plaintiff was patted down by c/o Brewer and was escorted to video court. plaintiff was in handcuffs, and in full trip gear at all times.

(3) During video court, plaintiff was in full sight of c/o Brewer, c/o Jackson and Sgt. Deada during court at all times

(7)

which Sgt. Smith arrived before the hearing was over and waited for the rest of the officers.

(4) After the hearing was over, plaintiff was escorted out of the room which C/o Jackson and Sgt. Smith to plaintiff to stop. Plaintiff was forcefully shoved into the wall by C/o Brewer and Sgt Drada causing plaintiff pain.

(5) Sgt Smith grabbed plaintiff's head and pushed it hard into the wall and kept his elbow in a position where plaintiff could not turn or move his head, which hurted plaintiff's neck.

(6) C/o Jackson began to search plaintiff, which C/o Jackson went inside of plaintiff's jumpsuit and boxers searching around touching plaintiff's penis and grabbing it, and upon reaching plaintiff's testicles C/o Jackson yanked on them hard causing extreme pain.

(7) C/o Brewer and Sgt Drada stood and watched, failing to intervene or act and did nothing. Sgt Smith kept a firm grip on plaintiff, applying pressure to plaintiff's neck and body, while holding plaintiff against the wall. Plaintiff was not combative or resisting nor a threat.

(8) Plaintiff initiated an "emergency grievance" and requested to speak with (OII) Internal affairs, which plaintiff was

placed in a holding cell, and Warden Vanihel, Ass. Warden Gilmore, grievance manager Wellington, grievance specialist Templeton, (OII) Internal Affairs Carpenter, unit manager Snyder, and case manager Tenthier came to talk to plaintiff.

(9) Plaintiff informed them of what had happened and that he was sexually assaulted, which plaintiff was threated that if he pursued the matter and central office would be "notified", that there would be consequences for his actions.

(10) Plaintiff was then asked again, if he wanted to pursue the matter, which plaintiff told them "yes" and that he needed medical treatment for his injuries, which again plaintiff was threated by Warden Vanihel, Ass. Warden Gilmore, (OII) Internal Affairs Carpenter, Jerry Snyder, Thomas Wellington, Tawni Templeton, and case manager Tenthier which the door was closed in plaintiff's face.

(11) Plaintiff stayed in the holding cell for some time, which Sgt Deada, Sgt Smith, Lt. Holcomb, Major Russell, Jerry Snyder, case manager Tenthier, C/o Brewer, C/o Smith, C/o Donovan, C/o Jackson came to the door and told me that they was taken me to medical.

(12) When the ↓holding cell door was opened, plaintiff was lead to 500 range cell #501 which plaintiff was being "rehoused" and

(9)

placed in a camera cell. Plaintiff was being retaliated on for pursuing and reporting the sexual assault, which the camera cell was filty, had no working toilet or running water.

(13) C/O Jackson, C/O Donovan, C/O Brewer, C/O Smith, property officer Gilstrap, Lt. Holcomb, Sgt. Dracha, Sgt. Smith, Major Russell "Seized" all of plaintiff's personal property, hygiene, legal books, legal materials, religious materials, Holy Quran, prayer rug, Kufi, without proper due process.

(14) Defendants lost plaintiff's property in the process, which plaintiff filed a tort claim with the Indiana Dept. of Corrections, and Wabash Valley Corr. Facility, and it was ultimately "denied" leaving plaintiff with no remedy, no compensation, or property returned. Plaintiff was left with no means to be made whole by the defendants, which his property and religious materials was taken by arbitrary actions.

(15) Plaintiff tried to write to and contact outside sources, such as the ombudsman, Governor Queen, Dept of Justice, and other state agencies about the sexual assault which per orders of Warden VanNatta, Ass. Warden Gilmore, OII Carpenter, Jerry Snyder, Case Manager Toothie, grievance manager Wellington, grievance specialist Templeton and Lt Holcomb plaintiff's outgoing and incoming legal mail as well as his outgoing and incoming "Regular" U.S. postal mail and any communication to the outside world was "suspended"

And plaintiff was placed on "strip cell" status.

(16) Indiana Dept of Corrections and Wabash Valley Corr. Facility has unconstitutional policies, such as strip cell and offender's communication policies and procedures.

(17) Plaintiff was not allowed "any" writing paper, pens, or any type of communication, any U.S. postal mail incoming or out going, any personal hygiene such as soap, toothpaste or a toothbrush.

(18) Tammi Templeton, Thomas Wellington, Warden Vanihel, OII Carpenter, Ass. Warden Gilmore, Jerry Snyder, and case manager Woolfhice "used" affirmative misconduct and arbitrary actions when they attempt or continued to intervene, intercept, and or hinder plaintiff access to the grievance process.

(19) Plaintiff eventually seen medical care due to urinating blood and extreme pain in the groin, which took a complete toll on plaintiff causing him to not sleep, serious emotional distress, and chronic pain.

(20) Plaintiff stayed in the camset-cell for over a month without a proper working toilet and no running water. Plaintiff had to use the bathroom in cups, or when he was allowed to take a shower and "use" the shower as his running water or toilet.

(11).

(21) Plaintiff wrote several requests asking why he had to be in the camera-cell, which no penological explanation could be justified. The plaintiff never requested it, nor should safety or security be applied as a valid reason because it would be the world dumbiest criminal or dumbiest staff to know that plaintiff is in a camera-cell being monitored and to try to assault him or retaliate would be just crazy.

(22) The defendants committed "Voyeurism" and violated Indiana Code 35-45-4-5, because they used the camera-cell as punishment and to humiliate plaintiff.

(23) The camera-cell was "used" for surreptitious, prying, or secretive purpose in natures that was outside of the prison officials job description, and was "only" used to harass and punish plaintiff for reporting the sexual assault.

(24) Upon a month later, plaintiff was released out of the camera-cell and moved to cell #505, which plaintiff told Warden Vanihel, OII Carpenter, Ass. Warden Gilmore, Major Russell, Thomas Wellyton, Tami Templeton, Jerry Snyder, Case Manager Faithive and Lt. Holcout that he would be "suing" and being a 1983 complaint against them for constitutional violations, plaintiff was immediately the next day placed back in the camera-cell out of retaliation and to hush plaintiff (silence plaintiff)

(12)