UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:23-cv-00083-JRS-MJD ) |
| THOMAS WELLINGTON, *et al.*, | ) ) |
| Defendants. | ) |

**ORDER DISMISSING ACTION WITH PREJUDICE
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This lawsuit is based on Anthony Martin's allegations that staff members at Wabash Valley Correctional Facility committed numerous violations of his rights under the First and Eighth Amendments and Indiana law. Dkt. 9.

On March 27, Judge Hanlon imposed a three-year filing restriction against Mr. Martin as a sanction for egregious misconduct in another case in this Court. Dkt. 55. After extensive briefing and factfinding, Judge Hanlon found that Mr. Martin attempted to avoid summary judgment by forging or modifying documents and presenting them as evidence supporting his claims. Mr. Martin may not file papers in any civil case—including this one—until at least March 27, 2028. *See id.* at 36.

A history of misconduct also influenced Judge Hanlon, as he further recommended that Chief Judge Pratt issue an order immediately dismissing all Mr. Martin's pending civil cases—including this one—with prejudice. *Id.* at 37. Judge Hanlon noted that Mr. Martin has been sanctioned with filing restrictions three times before for similar abuses and reasoned that filing restrictions alone have not deterred Mr. Martin from further misconduct. In each instance, he has

paid his fines and waited out his restriction, then filed more lawsuits and committed more sanctionable misconduct. *See id.*, ¶ 51.

Then-Chief Judge Pratt declined to unilaterally order the dismissal of Mr. Martin's remaining cases and chose instead to allow each District Judge to determine how to resolve the cases assigned to them. Dkt. 56. The defendants moved for partial summary judgment before the filing restriction was imposed, dkt. 41, and they have since moved to dismiss this case consistent with Judge Hanlon's and Judge Pratt's orders, dkt. 57.

This Judge finds that immediate dismissal with prejudice is an appropriate and practically necessary resolution of this case for at least four reasons.

First, as of July 30, 2025, this Court was home to *1,320* prisoner civil rights cases. Almost all the plaintiffs are litigating these cases without the assistance of counsel or the benefit of any legal education or training. Almost all of them follow the foundational rules of our justice system: tell the truth, make your best case, and accept the result. *None* of them will command as much of the Court's time and attention as Mr. Martin has consumed by repeatedly defying those rules. The Court would not serve justice by committing *more* time and attention to Mr. Martin's cases after determining that he intentionally attempted to defraud the Court.

Second, Judge Hanlon surmised that it may be possible for Mr. Martin to litigate some of his remaining cases without filing papers. Dkt. 55 at ¶ 51e. As then-Chief Judge Pratt noted, however, even litigating a case that has survived summary judgment and that will be resolved at trial ordinarily requires litigants to file witness lists, exhibit lists, proposed jury instructions, and other papers. Dkt. 56 at 2. Indeed, this Court's practices and procedures[1] require litigants to file such documents in preparation for trial. Perhaps the Court could construct a path for Mr. Martin to

---

[1] Available at https://www.insd.uscourts.gov/content/chief-judge-james-r-sweeney-ii; *see also* Uniform Case Management Plan, available at https://www.insd.uscourts.gov/case-management-plans.

2

meet those obligations without filing documents—but that that would demand even more judicial attention and resources. If dismissal is warranted because Mr. Martin's misconduct has consumed more than his fair share of judicial resources, it is not sensible to reward that misconduct by committing more resources to afford him specialized treatment. The Court will not go out of its way to create an avenue for Mr. Martin to litigate this case without filing documents because he went out of his way to file fraudulent documents in another case.

Third, because Mr. Martin cannot file papers in this case, and because the Court cannot justify creating a mechanism for him to litigate the case without filing papers, the case will ultimately be dismissed. Claims surviving summary judgment would wither and die when the Court ordered the parties to take steps to prepare for trial. There is no sense in delaying that inevitable result.

Fourth, as Judge Pratt noted, the Seventh Circuit has indicated that it is natural and appropriate to dismiss a case with prejudice when the plaintiff can no longer litigate it due to a filing restriction. Dkt. 56 at 2. In *Martin v. Redden*, 34 F.4th 564, 568–69 (7th Cir. 2022), the Court acknowledged that Mr. Martin had multiple pending cases dismissed because he could not litigate them after being sanctioned with a filing restriction. The Court of Appeals held that this did not make the sanction an abuse of discretion:

> Nor did the court abuse its discretion by imposing a two-year filing bar, *even with the consequence that other civil cases were dismissed with prejudice.* [. . .] Martin protests the filing bar's effect on his other pending cases, not just future suits.     [. . .] The point of a *Mack* bar is a severe sanction that denies access to the federal courts for civil remedies, even if those remedies are sought for meritorious claims. We fully recognize that the dismissals and the *Mack* bar were severe sanctions. That's why courts do not impose them lightly. They should be imposed only when less severe sanctions have not been or appear unlikely to be sufficient deterrents to continued abusive or frivolous litigation. The severe sanctions here were appropriate given Martin's egregious behavior, his history of litigation misconduct, and the fact that prior sanctions (including a separate *Mack* bar in another court) had not deterred him from lying.

*Id.* (emphasis added). That analysis applies just as well in this case. Although harsh, dismissal of this case with prejudice is practically necessary and legally justifiable due to Mr. Martin's filing restriction, even if his claims are meritorious.

This action is **dismissed with prejudice** due to Mr. Martin's filing restriction and consistent with Judge Hanlon's and then-Chief Judge Pratt's orders, dkts. 55, 56. The **clerk is directed** to enter **final judgment** consistent with this order and the screening order, dkt. 9. The defendants' motion for summary judgment, dkt. [41], is **denied as moot**, and their motion to dismiss the case, dkt. [57], is **granted**.

    **IT IS SO ORDERED.**

Date: 9/2/2025

                                                  JAMES R. SWEENEY II, CHIEF JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Distribution:

ANTHONY MARTIN
945288
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com